### MAYER v. TEMPLE BETH EL.

(Common Pleas of New York City and County, Special Term. February 3, 1893.)

RELIGIOUS SOCIETIES—RIGHTS OF PEW HOLDERS.

> Where a religious edifice is sold, and a new one erected with the proceeds, it is the duty of the trustees to tender to a pew holder a pew in the new edifice corresponding in location to that which he owned in the old building, on the payment of such a sum as, in equity, he ought to pay, if the cost of the new structure exceeds the proceeds of the sale of the old property, together with the sums in the treasury of the society, and if they fail to allot him such a pew he is entitled to damages for his loss.

Action by Ferdinand Mayer against the Temple Beth El for damages for being deprived of a pew in the building owned by defendant. On demurrer to the complaint. Overruled.

W. G. McCrea, for plaintiff.

Kurzman & Frankenheimer, for defendant.

DALY, C. J. The facts admitted by the demurrer are that the plaintiff was the owner of pew No. 24 in the Temple Beth El, a religious edifice on the corner of Sixty-Third street and Lexington avenue, in the city of New York, which pew he had purchased from the defendant corporation about October 1, 1874, for the sum of $3,050; that he continued to be such owner until the sale of the said edifice by the corporation, under leave of the court, in the year 1891; that with the moneys obtained from the sale the corporation purchased property on the corner of Fifth avenue and Seventy-Sixth street, and erected a house of worship thereon, corresponding with the former building, as to the interior plan and arrangement of pews; that the trustees and officers of defendant, in order to induce the members of the congregation and pew holders to consent to the said sale, and erection of a new house of worship, represented and agreed that each owner, lessee, or holder of a pew in the old building should, upon the completion of the new house, be allotted and receive a pew therein, corresponding in location, as nearly as might be, with the pew so owned and held in the old building; that pew No 453 in the new edifice corresponds, as to location, with plaintiff's pew in the old edifice, and is worth $4,300; that plaintiff was entitled to said pew, but the trustees or other officers of defendant, assuming to act in its behalf, wrongfully allotted to plaintiff another pew, which does not correspond with the pew that he formerly owned, but is in a less desirable location, and, as plaintiff is informed and believes, has no present market value; and that pew

No. 453 has been sold or leased for about $4,500, and possession thereof delivered to the purchaser; and plaintiff demands judgment for $3,050, the value of his pew in the former· edifice, and that his claim be declared a lien upon the church property.

It would seem that the so-called agreement which the plaintiff alleges was made between the corporate officers and the pew holders as to the allotment of pews in the new edifice is no more than the duty to which, in equity, the trustees of a religious corporation would be held, under the circumstances. When a church edifice is destroyed by fire, or any casualty, or becomes unfitted for use from age, or is demolished from necessity, the strictly legal rights of the pew holder are gone; but in a new edifice, built to replace the former, he has an equitable claim to be reinstated in a position corresponding to his former one, upon bearing his fair proportion of the expense, and if his rights in that respect. are disregarded he is entitled to compensation. "The pew holders who shall be deprived of their rights in the pews must be content with a just and adequate compensation. * * * Generally, no expense of this kind would be incurred, and a seat or right of occupancy during public worship, which was all that any one possessed, would be provided; and if as good, and equally commodious and comfortable, although in different form, no claim for damages could be sustained." Cooper v. First Presbyterian Church, 32 Barb. 222. "Let the trustees go on, and prostrate the present old building, leaving the complainant to his legal and equitable rights with regard to a pew in the new building." Heeney v. St. Peter's Church, 2 Edw. Ch. 608. In the Case of Trinity Church, cited by Hoffman in his Ecclesiastical Law, holders of pews in the old edifice were allowed an abatement on the price of new pews by express arrangement, and he says of it: "Let it be granted that this course was not in consequence of a legal obligation, yet it is so strong in equity that it has been made an express statutory provision in the state of Maine." And he quotes Tyler, Ecc. Law, § 339: "If the meetinghouse is altered or rebuilt, the appraisers, after the work is completed, must assign to pew holders pews ·to conform, as near as practicable, to those previously held by them." And he continues: "The new edifice being completed, the rights are so far revived as that the pew holder should be entitled to occupy, upon the same terms as before, a pew in the same position as his former pew, or as nearly conformable to that position as can be. * * * The trustees replacing pews destroyed would, in equity, be bound to appropriate them to the holders of the destroyed pews, they paying the cost of reparation." Hoff. Ecc. Law, 250. The same equitable view found early expression in the statutes of Massachusetts, which, indeed, in many respects, are said to be only declaratory of the common law, (Cooper v. First Presbyterian Church, above;) and so it has been there held: "If the plaintiff has suffered in his property by the destruction of the old meetinghouse and the erection of a new one, he can have his action on the case, in which he will recover his reasonable damage, or perhaps

he may hold a property in the new pews corresponding with his property in the old ones, by submitting to his share of the expense." Daniel v. Wood, 1 Pick. 102. "A parish may, when necessary, take down the house, and rebuild on the same ground, or may alter the form and shape of it, for the purpose of making it more convenient. If, in doing this, the pews are destroyed, the parish must provide an indemnity for the pew holders, on just and equitable principles." Gay v. Baker, 17 Mass. 435. The parish may take down their meetinghouse in order to rebuild, either as a matter of necessity or of expedience. In the former case they are not, and in the latter case they are, bound to indemnify the pew holders. Howard v. First Parish in North Bridgewater, 7 Pick. 138. "When, by reason of altering or enlarging a meetinghouse, the pew shall be destroyed, means should be provided for indemnity." Wentworth v. First Parish in Canton, 3 Pick. 344. "A pew owner cannot be despoiled of his property." He is entitled to compensation, except when the house has become ruinous, and unfit for use. Kimball v. Second Congregational Parish, 24 Pick. 347. "If a change is made merely for convenience, as if A. owns the two front pews of the church edifice, and the vestry determined to extend the chancel, by reason of which improvement he is deprived of his pews, he shall be entitled to indemnity, either by having assigned to him new pews, or by pecuniary compensation." Humph. Law Church, 53. And in this state the same rule has been stated, as appears from the cases first above quoted, and others. "If for convenience or from expediency, and not from necessity, the pew is destroyed, the owner has a right to indemnity." Voorhees v. Presbyterian Church, 17 Barb. 103. "If the change in the internal arrangement is merely expedient, or matter of convenience to the society, still the trustees, on behalf of the corporation, may legally direct the alteration, and the pew holders who shall be deprived of their rights in their pews must be content with a just and adequate compensation. * * * He has no exclusive right in the soil below the pew, in the timbers or materials of which the house, or any of its parts, are composed, and, when this use is destroyed, his right, if any, remains to him as a right of indemnity or compensation for the injury. If the authorities settle anything, they demonstrate and establish this conclusion." Cooper v. First Presbyterian Church, supra.

It would seem, therefore, from the cases, that it was the duty of the trustees to tender to the pew holder a pew in the new edifice corresponding in location to that which he owned in the former building, upon the payment of such a sum as, in equity, he ought to pay, if the cost of the new structure exceeds the proceeds of the sale of the old property, together with the sums in the treasury of the society, and if they failed to allot him such a pew it would seem that he should be indemnified in damages for his loss. The complaint, therefore, states a good cause of action, and the demurrer should be overruled, with leave to the defendant to answer in 20 days on payment of costs.